IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARDS,<br>SPN NO. 00372329,<br><br>　　　　Petitioner,<br><br>v.<br><br>SHERIFF ADRIAN GARCIA,[1]<br><br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. H-13-2674 |

**MEMORANDUM OPINION AND ORDER**

Charles Edwards, an inmate of the Harris County Jail, has submitted a hand-written petition for a writ of habeas corpus challenging the validity of his incarceration pursuant to a state criminal indictment pending in the 180th District Court of Harris County, Texas. This action will be dismissed for failure to exhaust state court remedies.

I. **Claims and Case Status**

Edwards seeks dismissal of a criminal indictment that has been filed against him. He claims that the indictment is deficient because it fails to set forth sufficient facts to constitute the offense he has been charged with under Texas law. The records of the Harris County District Clerk's Office indicate that Edwards is

---

[1] Although Edwards named the State of Texas as the respondent, his custodian, Sheriff Garcia, is the appropriate respondent in this action. 28 U.S.C. § 2242; Braden v. 30th Jud. Cir. Ct. of Kentucky, 93 S.Ct. 1123, 1129 (1973); see also Ladner v. Smith, 941 F.2d 356, 356 n.1 (5th Cir. 1991).

awaiting trial after having been charged with manufacturing and delivery of a controlled substance. See Website of the Office of Harris County District Clerk, www.hcdistrictclerk.com. Edwards's next setting for a district court hearing is February 10, 2014. Id.

## II. Analysis

If Edwards were challenging a final state court conviction, his petition would be actionable under 28 U.S.C. § 2254, which contains provisions requiring exhaustion of state court remedies before seeking relief in federal court. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997). Under 28 U.S.C. § 2254(b), a habeas petitioner must exhaust available state remedies before seeking relief in federal court. Id., See also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief."), citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000). To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Nobles, at 420, citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based on the precept of comity. Coleman v. Thompson, 111 S.Ct. 2546, 2555 (1991); Ries v. Quarterman, 522 F.3d 517, 523 (5th Cir. 2008), citing Moore v. Quarterman, 491 F.3d 213, 220 (5th Cir. 2007). Federal courts

follow this principle to afford the state courts the first opportunity to address and correct the alleged violations of a petitioner's federal rights. Id. Therefore, a habeas petitioner must pursue his remedies in the state court system before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S.Ct. 1528, 1533 (2005).

In this proceeding, Edwards is challenging a pending trial proceeding, not a final conviction. Pre-trial petitions are properly brought in federal court under 28 U.S.C. § 2241. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998), citing Dickerson v. State of La., 816 F.2d 220, 224 (5th Cir. 1987).

Although section 2241 does not contain explicit language requiring exhaustion of available remedies, the United States Court of Appeals for the Fifth Circuit has imposed such a requirement on federal challenges to pre-trial proceedings. Dickerson, 816 F.2d at 224. There is no record of an appeal or application for writ of habeas corpus being filed by Edwards in his state criminal proceeding. See www.hcdistrictclerk.com. Absent special circumstances, which are not present in this action, a federal petition for a writ of habeas corpus may not be filed until state remedies have been exhausted. Dickerson, at 225-27; Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available court remedies.

Should Edwards file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. See 28 U.S.C. § 2253; Stringer, 161 F.3d at 262; Whitehead, 157 F.3d at 386; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

The court **ORDERS** the following:

1. Edwards's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust state court remedies.

2. The motion for continuance (Docket Entry No. 3) is **DENIED**.

3. The motion to set aside indictment (Docket Entry No. 6) is **DENIED**.

4. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 31st day of December, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE